

U.S. DISTRICT COURT
LAWRENCE K. BAERMAN, CLERK

MAY 0 1 2002

FILED
SYRACUSE, NY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. |
| v. | 02-CR-51 (HGM) |
| GARY ALVORD, | PLEA AND COOPERATION AGREEMENT |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOSEPH A. PAVONE, United States Attorney for the Northern District of New York, by Craig A. Benedict, Assistant U.S. Attorney, and GARY ALVORD, Defendant herein, with Steven Coffey, Esq., his attorney, hereby enter into the following Plea Agreement regarding the disposition of certain criminal charges against the Defendant:

1.  In return for the consideration described below, GARY ALVORD agrees as follows:

    a.  GARY ALVORD will enter a plea of guilty to Count 2, 4, 5, and 19 of Indictment 02-CR-51 which charges him with: (count 2) a conspiracy to violate the Clean Air Act and the Toxic Substances Control Act, 42 U.S.C. § 7413(c) and 15 U.S.C. § 2601 et seq.; (counts 4 and 5) substantive violations of the Clean Air Act and (count 19) making

materially false statements to representatives of the United States Environmental Protection Agency, in violation of 18 U.S.C. § 371, 42 U.S.C. § 7413(c)(1) and 18 U.S.C. § 1001.

    b.    GARY ALVORD will cooperate with the United States in the investigation and prosecution of others, as more fully set forth below.

    c.    <u>Potential Penalties.</u>  GARY ALVORD understands that his guilty plea will subject him to the following potential penalties:

    i.    <u>Maximum term of imprisonment</u>: five years per count (18 U.S.C. § 371, 42 U.S.C. § 7413(c)(1) and 18 U.S.C. §§ 1001).

    ii.    <u>Supervised Release.</u>  In addition to imposing any other penalty, the sentencing Court may require GARY ALVORD to serve a term of supervised release of up to three (3) years, to begin at the expiration of any term of imprisonment imposed upon him. (18 U.S.C. § 3583) Should GARY ALVORD be placed on a term of supervised release and subsequently violate any of the terms and conditions of that release before the expiration of such term, he may be sentenced to up to three years imprisonment in addition to any prison term previously imposed upon him and in addition to the statutory maximum term of imprisonment set forth above. Under some circumstances, the Court may also extend the term of supervised release, and it may modify, reduce, or enlarge the conditions of such release.

    iii.    <u>Maximum fine</u>: $250,000.00 per count. In its discretion, the Court may impose an alternative fine of the greater of $250,000.00 or twice the pecuniary

gain to GARY ALVORD or loss to any victim resulting from the offense of conviction per count. (18 U.S.C. § 3571(b))

   d. <u>Restitution</u>: The sentencing Court may order that GARY ALVORD pay restitution to any victim of the offense of conviction, set forth in paragraph 1 above. 18 U.S.C. §§ 3663, 3664, 3663A.)

   e. <u>Special Assessment</u>: GARY ALVORD will be required to pay an assessment of $400.00 which is due and payable at or before the time of sentencing. (18 U.S.C. § 3013) GARY ALVORD agrees to deliver a check or money order to the Clerk of the Court in the amount of $400.00, payable to the U.S. District Court at the time of his guilty plea.

   f. <u>Interest and penalties</u>: Interest and penalties may accrue, as a matter of law, on any unpaid financial obligation imposed as part of GARY ALVORD's sentence, from as early as the date of sentencing.

   g. <u>Collateral Consequences</u>: Conviction of a felony under this Agreement may result in the loss of certain civil rights, including, but not limited to, the right to vote or the right to possess firearms, and, if the defendant is not a U.S. citizen, may result in deportation or removal from the United States.

  2. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, GARY ALVORD agrees fully to disclose all assets in which he has any interest or over which GARY ALVORD exercises control, directly or

indirectly, including those held by a spouse, nominee or other third party. GARY ALVORD will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. GARY ALVORD promises that his financial statement and disclosures will be complete, accurate and truthful.

3. GARY ALVORD agrees to cooperate with the United States as follows:

   a. GARY ALVORD will truthfully disclose all information with respect to his activities others concerning all matters about which the U.S. Attorney's Office and law enforcement agencies designated by this Office may inquire of him.

   b. GARY ALVORD will cooperate fully with the U.S. Attorney's Office and the designated law enforcement agencies, in any manner requested, in any criminal investigation.

   c. GARY ALVORD will testify truthfully before the grand jury and/or at any trial or other proceeding with respect to any matters about which he may be questioned.

   d. GARY ALVORD will not reveal his cooperation or any information with respect to any related investigation or prosecution to anyone, without the prior consent of the U.S. Attorney's Office.

   e. GARY ALVORD will at all times give complete, truthful, and accurate information and testimony. GARY ALVORD will neither attempt to protect any person who has been involved in criminal activity, nor will he falsely implicate anyone in criminal activity. GARY ALVORD will take a lie detector test if requested by the United States.

f. GARY ALVORD consents to adjournments of sentencing pending the completion of his cooperation, as determined to be necessary by the U.S. Attorney's Office.

g. GARY ALVORD will not commit any further crime whatsoever, nor will he violate any condition of release or supervision imposed by the Court.

h. All letters sent to the Court or the Probation Department by the defendant or by others at his behest will be simultaneously provided to the United States Attorney's Office.

i. GARY ALVORD understands that he is entitled to have an attorney present at any session during which he provides testimony, information or other cooperation to the U.S. Attorney's Office or any designated law enforcement agency pursuant to this Agreement. GARY ALVORD hereby waives any right to have an attorney present at such sessions unless and until GARY ALVORD or his attorney expressly informs the Assistant U.S. Attorney or designated law enforcement agent that the attorney's presence is desired.

4. <u>Elements of the Offense.</u> GARY ALVORD understands that the legal elements of the conspiracy offense stated in a) 18 U.S.C. § 371, and substantive offenses stated in b) 42 U.S.C. § 7413(c)(1) and c) 18 U.S.C. § 1001 are as follows:

a. 1) An agreement, 2) between two or more persons, 3) to do something the law forbids, 4) in this case, to violate the Clean Air Act, and the Toxic Substances Control Act.

b.  1) The defendant was an operator of a demolition or renovation activity involving at least 160 square feet of regulated asbestos containing material (RACM) on facility components or 260 linear feet of RACM on pipes; 2) the defendant knew the demolition or renovation activity involved asbestos and 3) the defendant knowingly stripped, removed and disposed of RACM (or caused such to be done) in a manner that did not comply with work practice standards promulgated under the Clean Air Act.

c.  1) The defendant knowingly and willfully made a materially false statement; 2) in a matter within the jurisdiction of an agency of the United States.

5.  Factual Basis for the Plea. GARY ALVORD admits the following facts, which establish his guilt to the violations set forth in Indictment 02-CR-51.

a.  GARY ALVORD admits that he participated in a conspiracy to violate the Clean Air Act and the Toxic Substances Control Act, committed substantive Clean Air Act violations and made false statements to Special Agents of the Environmental Protection Agency as alleged in Indictment 02-CR-51. From approximately January through September, 1993 GARY ALVORD was employed at Analytical Laboratories of Albany (ALA). His duties included working as an air monitor on AAR Contractor, Inc. projects. During this time, on the instructions from Alex Salvango, owner of AAR Contractor, Inc., GARY ALVORD caused to be falsified numerous AAR analytical results including final air clearances. GARY ALVORD admits that on May 10, 2001, in a meeting with EPA Special Agents, he denied participating in the falsification of AAR air analysis results while at ALA,

despite knowing that he did. He acknowledges knowing that such false air results were mailed to clients. He did so in part because Alex Salvango urged him not to reveal any incriminating information to the authorities. From approximately September, 1993 until 2000 (when AAR essentially stopped functioning as a going concern) GARY ALVORD worked directly for AAR in supervisory positions, including as a Project Manager and Operations Manager. Throughout his employment with AAR GARY ALVORD was aware and believed that ALA was secretly and improperly co-owned by Alex Salvango and that ALA sample results, including final air clearances, were regularly falsified on AAR projects. ALVORD admits that on projects with which he was involved AAR regularly sent air samples to ALA for analysis and hired ALA employees to oversee AAR projects, purportedly as "arms-length" inspectors to ensure that AAR performed the abatement in compliance with all applicable laws. However, GARY ALVORD knew that ALA inspectors sent to AAR projects would often not be allowed, and often did not, enforce compliance with laws applicable to asbestos abatement. He further knew that falsified AAR test results were routinely contained in documents sent via U.S. mails. Funds obtained from AAR projects done in violation of law were used to finance additional projects, also performed illegally. At AAR, GARY ALVORD was directed to, and participated in, arranging for and overseeing numerous projects during which time violations occurred including: false or non-notification, improper (dry) stripping, little or no containment, improper bagging, no decontamination units and improper disposal. Numerous projects were also run without

proper or any air samples being taken. The violations referred to in this statement were performed pursuant to directions from and with the knowledge of Alex Salvango, Thomas Reed, Raul Salvango, among others.

    b.     GARY ALVORD agrees that the statements made by him in signing this Agreement, including the factual admissions set forth above, shall be admissible and useable against him by the United States in any subsequent criminal or civil proceeding, even if he fails to enter a guilty plea pursuant to this Agreement, or if such a guilty plea is later vacated or withdrawn. GARY ALVORD waives any rights under Fed. R. Crim. P. 11(e) and Fed. R. Evid. 410, to the extent these rules are inconsistent with this paragraph or with paragraph 8.b. below.

6.     In exchange for the plea of guilty to the counts of the Indictment set forth above and his continuing compliance with all of the terms of this Plea Agreement, the United States Attorney's Office for the Northern District of New York agrees as follows:

    a.     It will dismiss count 1 of Indictment 02-CR-51 against GARY ALVORD and it will bring no further federal criminal charges against him for conduct related directly to asbestos abatement activities that occurred before the date of this plea agreement.

    b.     If the guilty pleas to these charges are later withdrawn or vacated, the charges dismissed or not prosecuted, any and all charges may be pursued, reinstated and prosecuted, notwithstanding the expiration of the statute of limitations between the signing

of this Agreement and the reinstatement of any such charges. GARY ALVORD waives any defense or objection to the reinstatement and prosecution of any such charges that are not time-barred by the applicable statute of limitations as of the date of this Agreement.

c. It reserves the right to recommend a specific sentence within the applicable Guidelines range determined by the Court.

d. The U.S. Attorney's Office reserves the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within the charge to which the defendant is pleading guilty.

e. <u>Substantial Assistance.</u> At or before the time of sentencing, the U.S. Attorney's Office will advise the Court of the nature and extent of the cooperation and assistance provided by GARY ALVORD pursuant to this Agreement. If the U.S. Attorney's Office determines, in its sole discretion, that GARY ALVORD has provided "substantial assistance" in the investigation or prosecution of other persons who have committed offenses, it may, in its sole discretion, recommend a downward departure pursuant to U.S.S.G. § 5K1.1. However, the U.S. Attorney's Office has not promised that such a motion will be made.

i. In deciding whether the GARY ALVORD has provided "substantial assistance" warranting a motion for a downward departure under § 5K1.1, the U.S. Attorney's Office may consider any fact that, in its sole discretion, it deems relevant,

9

including facts known to this Office at the time of the execution of this Agreement. However, the decision of the U.S. Attorney's Office with respect to a motion for a downward departure will not be conditioned upon any particular outcome of any criminal investigation or prosecution.

  ii. Should the U.S. Attorney's Office decide to make a motion for downward departure, its recommendation as to the extent of such a departure is a matter within the sole discretion of the United States Attorney.

  iii. Even if a motion for departure is made by the U.S. Attorney's Office, based upon GARY ALVORD's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the sentencing Court.

7. If GARY ALVORD continues to demonstrate "acceptance of responsibility" for the offense of conviction through the time of sentencing, the U.S. Attorney's Office will recommend a 3 level downward adjustment pursuant to U.S.S.G. § 3E1.1(a). GARY ALVORD timely notified the authorities of his intention to enter a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the Court to allocate its resources efficiently. See U.S.S.G. § 3E1.1(b)(2).

  a. GARY ALVORD's Criminal History Category cannot be definitively determined prior to the completion of the presentence investigation.

8.  Should the U.S. Attorney's Office determine that GARY ALVORD, after the date he signs this Plea Agreement, (i) has committed any further crime or violated any condition of release or supervision imposed by the Court (whether or not charged); (ii) has given false, incomplete, or misleading testimony or information; or (iii) has otherwise breached any condition of this Agreement, the U.S. Attorney's Office will have the right, in its sole discretion, to void this Agreement, in whole or in part. In the event of any such breach, GARY ALVORD will not be permitted to withdraw his guilty plea under this Agreement, but will thereafter be subject to prosecution for any federal criminal violation of which the U.S. Attorney's Office has knowledge, including but not limited to charges that this Office has agreed to not to prosecute.

   a.  GARY ALVORD waives any defense or objection to the commencement of any such prosecution that is not time-barred by the applicable statute of limitations as of the date of this Agreement, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of any such prosecution.

   b.  Moreover, in connection with any such prosecution, any information, statement, or testimony provided by GARY ALVORD, and all leads derived therefrom, may be used against him, without limitation. GARY ALVORD waives any rights under Fed. R. Crim. P. 11(e) and Fed. R. Evid. 410, to the extent these rules are inconsistent with this paragraph or with this Agreement generally.

c. In the event of any such breach by GARY ALVORD, the U.S. Attorney's Office will have the right, in its sole discretion, to do the following, notwithstanding any contrary provision or stipulation in this Plea Agreement:

  i. to advocate if, and how, any particular adjustment or specific offense characteristic affects the applicable Sentencing Guidelines range;

  ii. to decline to move for and/or to withdraw a motion for a downward departure under U.S.S.G. § 5K1.1 even if GARY ALVORD had provided "substantial assistance" to the United States prior to breaching any term of this Agreement;

  iii. to recommend a specific sentence of imprisonment within or above the applicable Sentencing Guidelines range determined by the Court.

9. This Agreement is limited to the U.S. Attorney's Office for the Northern District of New York and cannot bind other federal, state or local prosecuting authorities. Furthermore, this Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving GARY ALVORD, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability or proceedings by the Immigration and Naturalization Service.

10. The sentence to be imposed upon GARY ALVORD is within the sole discretion of the sentencing Court, subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act and the United States Sentencing

Guidelines promulgated thereunder. The Court is neither a party to, nor bound by this Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Report prepared by the U.S. Probation Office.

    a. If the Court rejects the provisions of this Agreement permitting GARY ALVORD to plead guilty to Counts 2, 4, 5, and 19 in satisfaction of other charges, which provisions were negotiated pursuant to Fed. R. Crim. P. 11(e)(1)(A), the Court will afford GARY ALVORD an opportunity to withdraw his plea of guilty prior to sentencing, pursuant to Fed. R. Crim. P. 11(e)(4).

    b. The Court is not bound by any recommendation, stipulation, or request made by the parties, pursuant to Fed. R. Crim. P. 11(e)(1)(B), as to the appropriate sentence, and GARY ALVORD may not withdraw his plea of guilty if the Court declines to follow any such recommendation, stipulation, or request. The U.S. Attorney's Office reserves the right to support and defend, in connection with any post-sentencing proceedings, any decision the Court may make with regard to GARY ALVORD's sentence, whether or not such decision is consistent with this Office's recommendations, stipulations, or requests.

    11. No promises, agreements or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless memorialized in writing and signed by all parties. This Agreement, to become effective, must be signed by all of the parties listed below.

JOSEPH A. PAVONE
United States Attorney
Northern District of New York

Dated: 4/26, 2002    By: *[signature]*
Craig A. Benedict
Assistant U.S. Attorney
Bar Roll No. 101130

Dated: 4/26, 2002    *[signature]*
GARY ALVORD
The Defendant

Dated: 4/26, 2002    *[signature]*
Steven Coffey, Esq.
Attorney for GARY ALVORD
Bar Roll No.

14